IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:07-CR-00057-F-1
No. 5:12-CV-00454-F

| | |
|---|---|
| WAYNE DOUGLAS WILSON, )<br>Petitioner, )<br> )<br>v. )<br> )<br>UNITED STATES OF AMERICA, )<br>Respondent. ) | ORDER |

This matter is before the court on the Government's Motion to Dismiss [DE-71] Wayne Douglas Wilson's pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-60, DE-66].[1] The issues have been fully briefed and are now ripe for ruling. For the reasons more fully stated below, the Government's Motion to Dismiss is ALLOWED.

**I. Factual and Procedural Background**

On March 7, 2007, Wilson was charged in a single-count indictment with possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924. *See* Indictment [DE-1].

Wilson's arraignment was held on November 13, 2007. At his arraignment, Wilson pled not guilty to the indictment and exercised his right to a jury trial. Following a two-day trial, the jury returned a verdict of guilty.

On March 5, 2008, the court held Wilson's sentencing hearing. Wilson was sentenced to

---

[1] On May 3, 2012, Wilson filed a Motion for Reduction of Sentence [DE-60]. The court advised Wilson it intended to re-characterize the motion as one filed pursuant to 28 U.S.C. § 2255. [DE-65] at 2. Wilson was further advised that he could withdraw the motion or amend it so that it included all of his section 2255 claims. *Id.* Wilson responded by filing his section 2255 motion [DE-66].

96 months' imprisonment. *See* Judgment [DE-41]. On March 17, 2008, Wilson filed a Notice of Appeal [DE-43]. In an unpublished opinion [DE-53], the Fourth Circuit Court of Appeals affirmed this court. Wilson filed a petition for certiorari with the United States Supreme Court, and it was denied.

Wilson filed the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-66] on July 20, 2012. In his section 2255 motion, Wilson argues that he is entitled to relief pursuant to *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), because his sentence was enhanced pursuant to U.S.S.G. § 2K2.1(a)(2), based on the finding that he had two felony convictions for a crime of violence.

On October 1, 2012, the Government filed a Motion to Dismiss [DE-71], arguing that dismissal is warranted under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction.[2] Motion to Dismiss [DE-71] at 1. In the alternative, the Government argues that dismissal is warranted under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. *Id.*

## II. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or to decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved which is consistent with the complaint's allegations. *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'shp*, 213 F.3d 175, 180 (4th Cir. 2000). However, the "'[f]actual allegations must

---

[2]The Government later conceded that Wilson's motion was timely under 28 U.S.C. § 2255(f)(1). [DE-86] at 2; [DE-90] at 1.

2

be enough to raise a right to relief above the speculative level'" and the plaintiff must allege

"'enough facts to state a claim to relief that is plausible on its face.'" *Wahi v. Charleston Area

Med. Ctr., Inc.*, 562 F.3d 599, 615 n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 555, 570 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his

'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of

the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted);

*accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, a court "need not accept the legal

conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable

conclusions, or arguments." *E. Shore Mkts.*, 213 F.3d at 180.

### III. Discussion

**Wilson's Motion Fails to Present a Cognizable Claim**

Section 2255 states four grounds upon which relief may be claimed: (1) that the sentence

was imposed in violation of the Constitution or laws of the United States; (2) that the court was

without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum

authorized by law; or (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C. §

2255(a). "[B]y its terms, § 2255 does not allow for a court's consideration and correction of

*every* alleged sentencing error." *United States v. Foote*, 784 F.3d 931, 936 (4th Cir. 2015) (citing

*Davis v. United States*, 417 U.S. 333, 346 (1974)). The Supreme Court has recognized that a

petitioner is only entitled to relief under 28 U.S.C. § 2255 for an alleged sentencing error that is

neither constitutional or jurisdictional when the case constitutes "a fundamental defect which

inherently results in a complete miscarriage of justice." *Davis*, 417 U.S. at 346 (internal

quotation marks omitted). This standard is met when there are "exceptional circumstances where

the need for the remedy afforded by the writ of habeas corpus is apparent." *Hill v. United States*,

3

368 U.S. 424, 428 (1962) (internal quotation marks omitted).

In this case, Wilson's alleged error did not arise from a constitutional or jurisdictional error or result in a sentence in excess of the maximum authorized by law. Rather, Wilson's claim relates to the court's calculation of his advisory Guidelines range. In order for Wilson to obtain relief under § 2255, he must show that the alleged sentencing error resulted in a complete miscarriage of justice. Wilson's 96-month sentence was not above the ten-year statutory maximum. *See United States v. Pregent*, 190 F.3d 279, 284 (4th Cir. 1999) ("Section 2255 provides relief for cases in which 'the sentence was in excess of the maximum authorized by law.'") Therefore, while the court's application of U.S.S.G. § 2K2.1(a)(2) may have impacted the sentence ultimately imposed, it did not affect the lawfulness of Wilson's sentence. *See Foote*, 784 F.3d at 940 (holding that the erroneous career offender designation was "not a fundamental defect that inherently results in a complete miscarriage of justice"); *Sun Bear v. United States*, 644 F.3d 700, 705 (8th Cir. 2011) (en banc) (holding that the misapplication of the Guidelines cannot support a § 2255 claim); *see also United States v. Mikalajunas*, 186 F.3d 490, 496 (4th Cir. 1999) (the misapplication of the Guidelines is not cognizable under § 2255 because "a misapplication of the guidelines typically does not constitute a miscarriage of justice"). Accordingly, Wilson has failed to state a cognizable claim under § 2255.

## IV. Conclusion

For the foregoing reasons, the Government's Motion to Dismiss [DE-71] is ALLOWED, and Wilson's section 2255 motion [DE-60, DE-66] is DISMISSED. The court concludes that Wilson has not made the requisite showing to support a certificate of appealability. Therefore, a certificate of appealability is DENIED.

SO ORDERED.

4

This the 15 day of July, 2015.

                                                                       James C. Fox
                                                                       Senior United States District Judge